UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PENNY M. JONES, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-01187-JPH-DML |
| CONSTAR FINANCIAL SERVICES, LLC, | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

Penny Jones believes that Constar Financial Services, LLC engaged in unlawful collection practices when it sent her a debt-collection letter informing her, among other things, that her account was past due and had to be paid in full. Constar claims that it is entitled to judgment on the pleadings because the language of the collection letter would not confuse an objective "unsophisticated consumer." Dkt. [22]. Finding that Constar's letter would not confuse a significant fraction of the population, the Court now **GRANTS** Constar's motion for judgment on the pleadings.

**I.
Facts and Background**

Because Constar has moved for judgment on the pleadings under Rule 12(c), the Court accepts and recites "the well-pleaded facts in the complaint as true." See *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

After Ms. Jones fell behind on loan payments owed to Kia Motors Finance Company, Constar began collection attempts. Dkt. 1 at 2. About February 5,

1

2018, Constar sent a letter saying: "Your account is past due and must be paid in full.  Please remit the entire balance due to our office using the return envelope provided."  Dkt. 1 at 3; dkt. 1-1.  The letter included a return envelope and detachable payment coupon.  Dkt. 1 at 3; dkt. 1-2.

Ms. Jones filed a complaint against Constar alleging that the letter violated the Fair Debt Collection Practices Act ("FDCPA") and the Indiana Deceptive Consumer Sales Act ("IDCSA") by misleadingly or deceptively demanding the debt's immediate payment.  Dkt. 1 at 4–6.  Constar moved for judgment on the pleadings.  Dkt. 22.[1]

## II.
## Applicable Law

Constar has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  "A motion for judgment on the pleadings under Rule 12(c) . . . is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A

---

[1] When Constar answered Ms. Jones's complaint, it denied the complaint's jurisdictional allegations with no analysis.  Dkt. 8 at 1–2; *see* Fed. R. Civ. P. 8(b)(2); 11(b).  Nevertheless, the Court will address the merits because the record allows the Court to determine that it has jurisdiction.  *See* 15 U.S.C. § 1692k(d); 28 U.S.C. § 1367.

2

facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley, 671 F.3d at 616.*

### III.
### Analysis

Congress passed the Fair Debt Collection Practices Act "to curb abusive methods of debt collection." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 643–44 (7th Cir. 2009). The statute requires a "written notice" either sent "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt" or "contained in the initial communication" itself. 15 U.S.C. § 1692g(a). That written notice must include, among other things, "the amount of the debt," "the name of the creditor to whom the debt is owed," and a notice that the debtor has thirty days to contest the debt's validity. *Id.* During that thirty-day period, "[a]ny collection activities and communication . . . may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

"Although the word 'confusing' does not appear" in section 1692g, "[o]vershadowing" means "obscuring or confusing"—and the Seventh Circuit has "interpreted the FDCPA to prohibit confusing presentations." *O'Boyle v.*

3

*Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018) (citations and quotations omitted). So the question is whether the letter was confusing—and thus overshadowed the required disclosure.

Constar argues that the letter's debt-collection language did not overshadow its consumer-rights disclosure because it did not demand immediate payment or set time limits on when Ms. Jones must pay the debt. Dkt. 22 at 2, 4. Ms. Jones responds that the letter confusingly gave the impression that immediate payment was required, which in turn overshadowed the disclosure. Dkt. 25 at 8.

Whether the letter's debt-collection language overshadowed its 1692g disclosure is judged by the "unsophisticated consumer" test. *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). The "unsophisticated consumer," however, is not the "least sophisticated consumer." *O'Boyle,* 910 F.3d at 344. Instead, the test objectively looks to an "uninformed, naïve, and trusting" individual with "rudimentary knowledge about the financial world" and the ability to make "basic logical deductions and inferences." *Id.* With these factors in mind, the Court asks "whether someone of modest education and limited commercial savvy would likely be deceived by the letter." *Id.*

Typically, deciding whether a letter is likely to confuse an unsophisticated consumer is a task for the jury. *See Zemeckis,* 679 F.3d at 636. Therefore, "a district court must tread carefully before holding that a letter is not confusing as a matter of law," because judges are poor proxies for

4

unsophisticated debtors. *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006). Nevertheless, "if it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it,' then plaintiff fails to state a claim and dismissal is appropriate." *O'Boyle*, 910 F.3d at 342 (affirming dismissal) (quoting *Zemeckis*, 679 F.3d at 636).

A letter may be confusing if it "both demands payment within thirty days and explains the consumer's right to demand verification within thirty days" without explaining how those deadlines fit together. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) (collecting cases). For example, a letter is confusing if it says that the debtor has thirty days to contest the debt but then demands payment within ten days. *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). Similarly, a letter is confusing if it explains the thirty-day window but demands "immediate" payment. *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 502 (7th Cir. 1999); *see also Bartlett*, 128 F.3d at 500 (letter demanding action "within one week"); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997) (letter with thirty-day payment requirement). To an unsophisticated consumer, these statements contradict each other, making the letter confusing.

But a collection letter is not confusing if it asks for payment without imposing deadlines that contradict the thirty-day window. For example, in *Chuway v. Nat'l Action Fin. Servs., Inc.*, the court stated in dicta that a collection letter merely asking a debtor to "please remit the balance listed above in the return envelope provided" would not violate the FDCPA. 362 F.3d 944, 947 (7th Cir. 2004) (holding that the letter was confusing because the balance

5

was not clearly stated). Other courts have similarly held that merely asking debtors to "remit the balance" of the debt is not confusing. *E.g. Nadborski v. Receivable Mgmt. Serv. Corp.*, No. 19-cv-5205, 2018 WL 5884526, at *1 (N.D. Ill. Nov. 8, 2018); *Gammon v. Joseph H. Belzer, P.A.*, No. 96-c-5936, 1997 WL 189291, at *1 (N.D. Ill. Apr. 11, 1997). Unlike a letter that says a debtor has thirty days to contest a debt but demands payment in less than thirty days, *see, e.g.*, *Avila*, 84 F.3d at 226, a letter asking a debtor to remit payment does not contradict the thirty-day validation window and therefore is not confusing, *see Chuway,* 362 F.3d at 947.

Constar's letter had no explicit deadline. Dkt. 1-1. Ms. Jones thus argues that the letter as a whole—with its return envelope and detachable payment coupon—created the impression that immediate payment was required. Dkt. 25 at 8. But as explained above, an impression without a deadline is not a violation. Instead, it's puffery: "rhetoric designed to create a mood rather than to convey concrete information or misinformation." *Zemeckis,* 679 F.3d at 636 (quoting *Taylor v. Cavalry Inv. L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004)). "Puffery, without more, does not violate Section 1692g(b)." *Id.* (holding that threats of legal action and suggestions to "take action now" were at worst puffery and did not set a payment deadline).

To hold otherwise would conflict with a creditor's right to seek payment of a debt under the FDCPA. Debt collectors may attempt to collect debts, and may even sue the debtor, before the thirty-day window closes. *Bartlett,* 128 F.3d at 501. The thirty-day validation period is not a "grace period" that

6

protects a debtor from collection efforts; rather, during this period "the debtor's right to dispute coexists with the debt collector's right to collect." *Durkin v. Equifax Check Servs., Inc.,* 406 F.3d 410, 416 (7th Cir. 2005). Prohibiting creditors from sending letters asking a debtor to remit payment would effectively create a grace period for collections that does not exist under the FDCPA.

In short, Constar's letter "did not impose a deadline that contradicted [Ms. Jones's] right to a thirty-day validation period." *Zemeckis,* 679 F.3d at 636. Any attempt to rush payment was puffery that does not violate section 1692g because "[e]ven the most unsophisticated debtor would realize that debt collectors wish to expedite payment." *Id.*[2]

As for Ms. Jones's IDCSA claim, she admits in her response that the complaint insufficiently pleads it, dkt. 25 at 9, so it also must be dismissed.

## IV.
## Conclusion

Constar's motion for judgment on the pleadings, dkt. [22], is **GRANTED**. Since the Court resolves this motion as a matter of law, oral argument is unnecessary. Ms. Jones's complaint may be amended "only with the opposing

---

[2] Ms. Jones also argues that the letter violated sections 1692e and 1692f of the FDCPA. On a motion to dismiss, courts consider claims under these statutes using the same standard. *McMillan,* 455 F.3d 754 at 759 (stating that the court "cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis."). Whether brought under 1692e, 1692f, or 1692g, the analysis "is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter." *Id.* Because the letter did not violate 1692g, it also did not violate section 1692e or 1692f.

7

party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Any leave to amend must be sought by **July 8, 2019**. *See generally id.*; S.D. Ind. L.R. 15-1. If leave to amend is not sought or is denied, the Court will dismiss this case with prejudice. *See St. John v. Cach, LLC*, 822 F.3d 388, 392 (7th Cir. 2016).

**SO ORDERED.**

Date: 6/7/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

David S. Klain
CONSUMER LAW PARTNERS, LLC
davidklain@aol.com

Geoffrey B. McCarrell
CONSUMER LAW PARTNERS, LLC
geoff.m@consumerlawpartners.com

Patrick A. Watts
WATTS LAW GROUP
pwatts@swattslaw.com